IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK GORDON KECKEISSEN,<br>    Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-4032 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA<br>PENNSYLVANIA, and any or all of its<br>political subdivisions, agencies, affiliates,<br>subsidiaries, subsidiary and/or partly or<br>fully-funded organizations, attorneys,<br>judges, officials, employees, and/or agents,<br>however denominated or organized,<br>potentially liable for the claims herein<br>asserted, including Doe Defendants 1-50,<br>    Defendants. | : | |

DuBOIS, J.                                                                                                July 20, 2010

**M E M O R A N D U M**

**I.     INTRODUCTION**

Plaintiff Gordon Keckeissen has filed a Complaint against the Commonwealth of Pennsylvania, alleging, *inter alia*, that the state court violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and unspecified federal constitutional rights under 42 U.S.C. § 1983 ("Section 1983"), in adjudicating custody rights to his minor children.[1] In 2005, plaintiff filed an action in this Court, relating to the same underlying events. By Memorandum and Order dated December 22, 2005, this Court dismissed plaintiff's First Amended Complaint in that action for lack of subject matter jurisdiction, based on the Rooker-Feldman doctrine.[2] Because the Court concludes that plaintiff's claims in this case are likewise barred by

---

[1] At the time plaintiff's custody suit began, plaintiff's two children were minors. Both of plaintiff's children have now reached the age of majority. (Compl. ¶ 30.)

[2] The Rooker-Feldman doctrine stems from two Supreme Court cases decided sixty years apart. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

the Rooker-Feldman doctrine, plaintiff's Complaint for Damages and Injunctive Relief is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. BACKGROUND

The following facts are taken from plaintiff's Complaint for Damages and Injunctive Relief.

Starting in 2003, plaintiff was engaged in a custody dispute with his former wife over their two children, then 13 and 15 years of age. (Compl. ¶ 11.) Plaintiff's ex-wife was "a diagnosed sociopath child/spousal abuser, and admitted liar." (Compl. ¶ 12.) Due to the effect of prolonged exposure to this child and spousal abuse, plaintiff suffered disabling emotional and mental trauma. (Compl. ¶¶ 15, 23-24.) Plaintiff avers that he is disabled by virtue of suffering from post-traumatic stress disorder, major depressive episode, and dysthymic disorder (chronic depression). (Compl. ¶ 24.)

The case involving plaintiff and his former wife was filed in the Common Pleas Court of Bucks County ("Bucks County Court"), which, at some unspecified time in the course of the litigation, held a hearing on custody matters. (Compl. ¶¶ 11, 15-16.) During the hearing, plaintiff's ex-wife and an expert testified. (Compl. ¶ 12.) Plaintiff, who was apparently representing himself, was ordered by the Bucks County judge to cross-examine his former wife. (Compl. ¶ 16.) That order is alleged to have caused plaintiff to suffer "severe heart palpitations and excruciatingly painful muscle paroxysms in his thorax." (Compl. ¶ 16.) Plaintiff requested a hearing continuance as a "reasonable accommodation" under the ADA, based on his disabilities. (Compl. ¶ 15.) Included in this request to the Bucks County Court was documentation of those disabilities. (Compl. ¶ 15.) Plaintiff's request was refused. (Compl. ¶ 17.) Plaintiff alleges that the judge retaliated against him for asserting his ADA rights by ordering the termination of all custody rights to his children and giving his wife sole legal and physical custody until plaintiff was ready to

2

proceed with the hearing. (Compl. ¶ 17-18.)

At the same hearing, the judge had plaintiff escorted from the courtroom by two armed deputies, on the basis that plaintiff posed a threat of violence. (Compl. ¶ 19.) Subsequently, plaintiff requested recusal of the judge, and reassignment of his case to another judge. (Compl. ¶ 20.) Plaintiff's recusal requests were "ignored" (or denied), and plaintiff filed an interlocutory appeal challenging the court's ruling. (Compl. ¶¶ 21-22.) His appeal was unsuccessful. (Compl. ¶ 22.)

Plaintiff further avers that a variety of unexplained "satellite litigations" stemmed from the original Bucks County matter. (Compl. ¶ 27.) However, according to plaintiff, defendants in some way prohibited plaintiff from prosecuting such "satellite litigations," thereby preventing plaintiff from recouping sufficient funds to remedy the wrongs perpetrated against him in the course of the Bucks County case. (Compl. ¶ 28.)

Plaintiff was not permitted to testify or present evidence at the above-described hearing, or at any time thereafter. (Compl. ¶ 11.) After remaining in the custody of their mother for several years, both of plaintiff's children reached the age of majority, and the custody matter became moot. (Compl. ¶¶ 13, 21.) As a result of defendants' actions, plaintiff's disabilities were severely exacerbated, and his children suffered "profound psychological and emotional damage and other lifelong harms." (Compl. ¶ 30.)

Plaintiff names the Commonwealth of Pennsylvania as the defendant,[3] and alleges, *inter alia*, violations of the ADA and federal constitutional rights under Section 1983. Plaintiff seeks

---

[3] In the caption to his case, plaintiff names as defendant(s) "Commonwealth of Pennsylvania, any or all of its political subdivisions, agencies, affiliates, subsidiaries, subsidiary and/or partly or fully funded organizations, attorneys, judges, officials, employees, and/or agents, however denominated or organized, potentially liable for the claims herein asserted, including Doe Defendants 1-50."

injunctive relief, appointment of counsel, "compensatory damages, damages for extreme pain, suffering, and emotional distress, punitive and/or statutorily enhanced damages... general damages, attorney's fees, [and] costs of suit...." (Compl. ¶ 30.)

In his December 2005 Complaint, filed under Civil Action Number 05-CV-4290 in this Court, plaintiff asserted an ADA claim arising out of the same Bucks County case, but did not specifically assert any Section 1983 claims. As discussed *supra*, that action was dismissed for lack of subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine.

### III. ANALYSIS

The Court ruled in its Memorandum and Order of December 22, 2005, that it lacked subject matter jurisdiction to entertain plaintiff's claims. As the Court noted in that opinion, a federal court lacks subject matter jurisdiction under Rooker-Feldman in two circumstances. The first is where the federal claim was "actually litigated" in state court prior to the filing of the federal claim. The second is where the federal claim is "inextricably intertwined with the state adjudication" so that federal relief can only be predicated "upon a conviction that the state court was wrong." Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). With respect to the second category of cases barred under Rooker-Feldman, a plaintiff's claim for relief in federal court is "inextricably intertwined" with a state court proceeding when, in order to grant the relief sought by the federal plaintiff, the federal court must determine that the state court judgment was erroneous. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996).

Applying the above precedent, this Court determined in 2005 that "any injunctive or monetary relief awarded to plaintiff would require the Court to first reach the conclusion that the state court judge wrongly denied plaintiff's request for a continuance, and/or that the judge should not have awarded plaintiff's wife full physical and legal custody of their children." Accordingly,

4

the Court ruled that the relief sought by plaintiff was inextricably intertwined with the state court custody proceedings, and that the Court lacked subject matter jurisdiction under Rooker-Feldman.

The Court's prior ruling on subject matter jurisdiction is entitled to preclusive effect. See Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) ("A court has jurisdiction to determine its own jurisdiction... A ruling that it lacks jurisdiction is therefore entitled to preclusive effect."); see also Grey v. New Jersey, 91 F. App'x 747, 751 (3d Cir. 2003) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal.") (quoting Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982)); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4436 (2d ed. 2002). Thus, "a jurisdictional dismissal precludes... the relitigation of the ground of that dismissal." Okoro, 164 F.3d at 1063.

Plaintiff attempts to overcome this hurdle by arguing that the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) conflicts with the Court's application of the Rooker-Feldman doctrine in this case. The Court rejects plaintiff's argument. The Exxon Mobil court held that "[t]he Rooker-Feldman doctrine is confined to... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. The Court concludes that the instant case falls squarely within the class of cases described by the Supreme Court in Exxon Mobil. As the Court found in its Memorandum and Order of December 12, 2005, any relief granted to plaintiff — the admitted loser in the Bucks County Court proceedings who complains of injuries caused by the state court

judgment[4] — would require this Court to first reject the rulings of that court. To the extent that plaintiff believed he was denied due process in state court, his remedy was to appeal to the state appellate courts, and not to seek review of the state court judgment in an action in this Court.

## IV. CONCLUSION

The Court concludes that under the Rooker-Feldman doctrine, it lacks jurisdiction over the subject matter of this case. Accordingly, the Court need not address the other bases for dismissal raised by defendant Commonwealth of Pennsylvania's Motion to Dismiss.

An appropriate order follows.

---

[4] Plaintiff's alternative argument — that the Bucks County Court rendered no judgment whatsoever, and that, as a consequence, plaintiff's federal claims are not "inextricably intertwined" with a state court judgment — is equally unpersuasive. Plaintiff admits in the Complaint itself that the Bucks County Court "order[ed] that Plaintiff's parental rights... be terminated, including even the right to visitation, until such time as Plaintiff was ready to proceed with the 'trial.'" (Compl. ¶ 17.) That order constitutes a judgment.